UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| JUSTICE FREEMAN, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 2:19-CV-441-TLS-JPK |
| | ) | |
| OFFICER D. GUTIERREZ, *et al.*, | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on a Motion for Leave to File First Amended Complaint [DE 18], filed by Plaintiff Justice Freeman on April 13, 2020. Defendants Officer D. Gutierrez, Officer K. Dowdell, and City of Gary, Indiana filed a response, and Plaintiff filed a reply. For the following reasons, the motion is granted.

## BACKGROUND

On November 22, 2019, Plaintiff Justice Freeman filed his Complaint against Defendants Officer D. Gutierrez, Officer K. Dowdell, and City of Gary, Indiana. Plaintiff's Complaint arises from an allegedly unlawful search and seizure of his person and unlawful towing and holding of his vehicle, all in violation of the Fourth and Fourteenth Amendments to the United States Constitution. Per the scheduling order in this matter, the deadline for Plaintiff to file any motion to amend his pleading was set for April 13, 2020, the date Plaintiff filed the instant motion.

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 15, the Court should freely give leave for a party to amend its pleading when justice so requires. Fed. R. Civ. P. 15(a)(2). As explained by the Supreme Court of the United States,

> [i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies

>by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'

*Foman v. Davis,* 371 U.S. 178, 182 (1962); *see Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004) (reiterating this finding in *Foman*).

"District courts may refuse to entertain a proposed amendment on futility grounds when the new pleading would not survive a motion to dismiss." *Gandhi v. Sitara Capital Mgmt.*, LLC, 721 F.3d 865, 869 (7th Cir. 2013). To survive a motion to dismiss for failure to state a claim, a complaint must comply with Rule 8(a)(2) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks and citation omitted). Further, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). In evaluating such a motion, the Court "construe[s] the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in [his] favor." *Jackson v. Blitt & Gaines, P.C.*, 833 F.3d 860, 862 (7th Cir. 2016) (quotation marks and citation omitted); *See Twombly*, 550 U.S. at 555-56.

## ANALYSIS

In the instant motion, Plaintiff explains that he was arrested and charged with disorderly conduct based on events that transpired during an unlawful search and seizure. Since the filing of the Complaint in this matter, the charge for disorderly conduct has been dismissed with prejudice. Pursuant to *Heck v. Humphrey*, 512 U.S. 447 (1994), Plaintiff states that he could not have permissibly raised a claim challenging the propriety of his arrest prior to the dismissal of this

2

charge. Accordingly, Plaintiff now seeks to amend his Complaint to raise an additional Fourth Amendment claim as to his arrest and to add several state law tort claims that arise from the actions underpinning his federal constitutional claims.

Defendants argue that Plaintiff's request to add additional state law tort claims should be denied because Plaintiff failed to comply with the mandatory tort claim notice as required by Indiana state law. Defendants explain that the Indiana Tort Claims Act (ITCA) requires an individual suing a political subdivision of the state to give written notice describing the claim before filing suit. Defendants state that their first notice of any claims was the Complaint and that Plaintiff fails to assert why he did not provide the required statutory notice prior to filing suit. Defendants thus argue that Plaintiff's motion should be denied as futile, because his state law tort claims will be dismissed for failure to comply with the ITCA. Finally, while Defendants concede that Plaintiff may permissibly raise his new constitutional claim pursuant to the ruling in *Heck*, Defendants nonetheless contend that Plaintiff fails to proffer the required reasoning under Rule 15(a)(2) to assert any new facts or circumstances establishing why justice would require leave be given to amend the original constitutional claims as well.

In his reply, Plaintiff explains that the ITCA requires that notice of state law tort claims against a political subdivision be filed with the governing body of that political subdivision within 180 days of an alleged loss. The government entity must then notify the claimant in writing of its approval or denial of the claims within 90 days and, if it does not do so, the claims are deemed denied. Once a claim is denied, the claimant may pursue the tort claims in court.

Plaintiff states that he sent a notice of tort claim to Defendant City of Gary, Indiana by certified mail, return receipt requested, on December 18, 2019, regarding allegedly tortious conduct that occurred on July 3-4, 2019. Plaintiff further states that the United States Postal

Service's tracking tool indicates that this notice was delivered to the proper address on December 20, 2019. As Plaintiff received no response to his notice, he infers that his claim was deemed denied on March 22, 2020, at the latest. Plaintiff therefore argues that the notice was filed within the ITCA's 180-day notice period, and was thus timely, and that he waited the requisite 90 days before seeking to file the relevant state law tort claims in this Court.

Defendants contend that, in order to preserve his right to later pursue state law tort claims arising out of the same incident in the same lawsuit, Plaintiff must comply with the ITCA at the outset of the proceedings—that is, prior to the filing of the original complaint—even if the claims he brought in his original complaint were not subject to ITCA requirements. Plaintiff correctly explains that the plain language of the ITCA clearly indicates that it applies "only to a claim or suit in tort." Ind. Code § 34-13-3-1. Pursuant to the ITCA, "a claim against a political subdivision is barred unless notice is filed with: (1) the governing body of that political subdivision; and (2) the Indiana political subdivision risk management commission . . . ; within one hundred eighty days after the loss occurs." Ind. Code § 34-13-3-8. Further, "[a] person may not initiate a suit against a governmental entity unless the person's claim has been denied in whole or in part." Ind. Code § 34-13-3-13. "The ITCA applies to suits against employees of political subdivisions as well as the subdivisions themselves." *Alexander v. City of S. Bend*, 256 F. Supp. 2d 865, 875 (N.D. Ind. 2003). "The City of Gary is a political subdivision of the State of Indiana, located in Lake County." *City of Gary v. Shafer*, No. 2:07-CV-56-PRC, 2007 WL 2962640, at *1 (N.D. Ind. Oct. 4, 2007). Finally, "[c]ompliance with the notice provisions of the ITCA is a procedural precedent which the plaintiff must prove and which the trial court must determine before trial." *Alexander*, 256 F. Supp. 2d at 875 (quotation marks and citation omitted).

Nevertheless, the ITCA does not apply to Plaintiff's federal claims, which are brought pursuant to 42 U.S.C. § 1983. *See Terry v. Calhoun*, No. 1:17-CV-440-TLS, 2018 WL 6308998, at *4 (N.D. Ind. Dec. 3, 2018) ("Indiana's Tort Claims Act does not apply to § 1983 actions."). Defendants argue that, pursuant to *Meury v. Eagle-Union Community School Corp.*, 714 N.E.2d 233 (Ind. Ct. App. 1999), the notice provisions of the ITCA apply to pendent state claims made contemporaneously with other claims. Yet, here, Plaintiff's state claims were *not* brought at the same time as his federal claims. Indeed, Plaintiff's state claims have not yet been filed—they are brought solely in the Amended Complaint that is the subject of this motion. Defendants' reliance on *E.B. v. Gary Cmty. Sch. Corp.*, No. 2:09-CV-143, 2009 WL 10692472 (N.D. Ind. Oct. 2, 2009) is also misplaced. As noted by Plaintiff, the court in *E.B.* dismissed state law tort claims where the plaintiff failed to comply with the notice requirement of the ITCA prior to bringing the state claims in their complaint. 2009 WL 10692472, at *4 (finding that the state law tort claim was filed prematurely where notice was served on the defendant after the filing of a complaint alleging state law tort claim). Plaintiff's original Complaint asserts only federal claims; there was no requirement that Plaintiff comply with the ITCA's notice requirement before filing it.

As Plaintiff points out, at least one court in this district has found that a somewhat analogous proposed amended complaint complied with the ITCA. In *Ford v. Gary Cmty. Sch. Corp.*, the plaintiff filed her complaint on January 24, 2007, bringing claims under both federal law and state tort law. No. 207-CV-21-JVB-PRC, 2008 WL 4449555, at *1 (N.D. Ind. Sept. 25, 2008). The defendant raised the affirmative defense of failure to comply with the notice requirement of the ITCA. *Id.* The plaintiff issued the requisite notice on April 12, 2007, to which the defendant failed to respond. *Id.* On August 1, 2007—a full 111 days later—the plaintiff moved for leave to file an amended complaint, which was subsequently granted. *Id.* The sole amendment

5

to the complaint was the addition of a sentence indicating that the plaintiff had complied with the notice requirement of the ITCA. *Id.* The court ultimately found that the plaintiff had fully complied with the ITCA prior to filing her amended complaint: "the Plaintiff waited until her tort claims were denied by the Defendant to amend her complaint to show compliance with the ITCA. Therefore, the Plaintiff's amended complaint was not prematurely filed, as she was able to show compliance with both ITCA's torts notice requirement and the ninety[-]day waiting period." *Id.* at *3. The issue in the instant matter seems clearer still—Plaintiff did not even seek to bring the state law tort claims until *after* the 90-day period under the ITCA had expired.

The Court cannot say that the filing of Plaintiff's Amended Complaint would be futile. Plaintiff alleges that he filed notice of his state law tort claims with Defendant City of Gary, Indiana within 180 days of his alleged loss, as required by the ITCA. Plaintiff further alleges that he received no notice regarding the approval or denial of his claim within 90 days, and his claim was therefore deemed denied. And it was only after this 90-day period expired that Plaintiff sought leave to amend his Complaint to add the state law tort claims. Notably, Defendants do not debate the allegation that notice was sent and received at the time Plaintiff describes, but rather only contend that notice was not sent at the time this suit was filed. As explained above, whether notice was sent prior to the filing of this matter is not necessarily dispositive of the question of whether Plaintiff has complied with the notice requirements of the ITCA. Under these facts, and considering the plain language of the ITCA and the relevant case law, it is far from clear to the Court that Plaintiff has failed to comply with the notice requirement of the ITCA and that his state law claims would be dismissed for this failure. Accordingly, the Court will not deny the instant motion on the ground that filing the Amended Complaint would be futile. Defendants remain free to move for a dismissal of Plaintiff's claims, if they so choose.

The Court can find no other reason, pursuant to the factors enumerated by the Supreme Court in *Foman*, that Plaintiff should not be permitted to file his Amended Complaint to add the state law tort claims. Because it is not clear that Plaintiff failed to comply with the notice requirements of the ITCA, it is equally unclear whether there is merit to Defendants' argument that the filing of the Amended Complaint would deprive them of the opportunity to investigate and act upon the state law tort claims before the lawsuit commenced, undermining the intent of the ITCA. If Plaintiff's allegations are correct, Defendants had full opportunity to investigate and act upon Plaintiff's state law tort law claims within the 90-day period allowed by the ITCA, yet they chose not to do so. Once again, while Defendants are free to raise such arguments in a motion to dismiss, the Court will not deny Plaintiff's motion on this ground at this juncture.

Finally, Defendants' argument that Plaintiff has failed to assert any new facts or circumstances establishing why justice requires that leave be given to amend his constitutional claims is unpersuasive. First, as Plaintiff explains, the Amended Complaint does not seek to amend the constitutional claims contained in the original Complaint in any substantive way. Second, the additional constitutional claim raised in the Amended Complaint could not have been brought earlier, pursuant to *Heck*, which Defendants themselves concede. The Court can find no reason why leave should not be given for Plaintiff to amend his Complaint to add the additional constitutional claim and to make minor, non-substantive changes to the previously raised constitutional claims.

The Court finds that it is far from clear that the filing of Plaintiff's Amended Complaint would be futile or that Defendants would suffer undue prejudice as a result of its filing. Further, the Court can find no other reason why Plaintiff's motion should not be granted. Justice requires that leave be freely given to Plaintiff to file his Amended Complaint.

## CONCLUSION

Accordingly, the Court hereby **GRANTS** Plaintiff Justice Freeman's Motion for Leave to File First Amended Complaint [DE 18]. The Court **ORDERS** Plaintiff to file his First Amended Complaint upon receipt of this order.

So ORDERED this 2nd day of July, 2020.

s/ Joshua P. Kolar
MAGISTRATE JUDGE JOSHUA P. KOLAR
UNITED STATES DISTRICT COURT
